# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>THOMAS J.D. CHANNON,<br><br>      Petitioner. | No.  48868-0-II<br><br><br><br>UNPUBLISHED OPINION |

BJORGEN, C.J.  —  Thomas J.D. Channon seeks relief from personal restraint imposed following his 1999 convictions of three counts of first degree assault and one count of first degree unlawful possession of a firearm.  Channon argues that the sentencing court improperly calculated his offender score by including in its calculation four juvenile convictions that he had committed before the age of 15.  Channon also argues that his judgment and sentence includes other technical errors not affecting his incarceration term that should be corrected on remand. We agree that under the law in effect at the time Channon committed his current offenses, the sentencing court erred by including certain juvenile offenses in its offender score calculation, which error rendered his judgment and sentence facially invalid.  Accordingly, we grant Channon's petition and remand for resentencing consistent with this opinion.

FACTS

Following a jury trial, Channon was convicted of three counts of first degree assault and one count of first degree unlawful possession of a firearm. Channon committed the offenses on August 24, 1998. Channon's judgment and sentence states his date of birth as June 5, 1969 and lists among his criminal history four prior offenses that he committed before the age of 15.[1] Following an appeal, we affirmed Channon's convictions. *State v. Channon*, 105 Wn. App. 869, 20 P.3d 476 (2001). We issued our mandate disposing of Channon's direct appeal on October 9, 2001. Channon filed this petition on April 25, 2016.

ANALYSIS

To obtain relief by means of a personal restraint petition, Channon must demonstrate either an error of constitutional magnitude that resulted in actual and substantial prejudice or nonconstitutional error that resulted in a complete miscarriage of justice. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990). "[A] sentence that is based upon an incorrect offender score is a fundamental defect that inherently results in a miscarriage of justice." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 868, 50 P.3d 618 (2002).

Generally, personal restraint petitions must be filed within one year after the judgment and sentence becomes final. RCW 10.73.090. Channon's judgment and sentence became final on October 9, 2001, the date on which we issued a mandate disposing of his direct appeal. RCW 10.73.090(3)(b). Channon filed this petition on April 25, 2016, more than one year after his

---

[1] These prior offenses include making a bomb threat (committed on April 23, 1982), two separate convictions of second degree burglary (committed on November 14, 1983 and December 30, 1983), and first degree malicious mischief (committed on May 1, 1984).

judgment and sentence became final. Therefore, we must dismiss Channon's petition as time barred unless he can show that his judgment and sentence is facially invalid or that an exception to the time bar under RCW 10.73.100 applies. RCW 10.73.090(1). A miscalculated offender score may render a judgment and sentence facially invalid. *See, e.g.*, *In re Pers. Restraint of LaChapelle*, 153 Wn.2d 1, 6, 100 P.3d 805 (2004). Channon asserts that his petition is not subject to RCW 10.73.090's time bar because his judgment and sentence is facially invalid due to the sentencing court's miscalculation of his offender score. We agree.

The statutory provision in effect at the time Channon committed his current offenses, former RCW 9.94A.030(12) (1998), provided that criminal history included both prior convictions and juvenile adjudications. Before the 1997 amendment to this provision, a defendant's criminal history was defined as including

> juvenile convictions for sex offenses and serious violent offenses and shall also include a defendant's other prior convictions in juvenile court if: (i) The conviction was for an offense which is a felony or a serious traffic offense and is criminal history as defined in RCW 13.40.020(9); (ii) the defendant was fifteen years of age or older at the time the offense was committed; and (iii) with respect to prior juvenile class B and C felonies or serious traffic offenses, the defendant was less than twenty-three years of age at the time the offense for which he or she is being sentenced was committed.

Former RCW 9.94A.030(12)(b) (1996). Under this pre-1997 provision, "juvenile felonies washed out after an offender reached age 23, and juvenile felonies committed when a defendant was less than age 15 were not included in calculating a subsequent offender score." *State v. Smith*, 144 Wn.2d 665, 670-71, 30 P.3d 1245, 39 P.3d 294 (2001).

In *Smith*, our Supreme Court held that the 1997 amendment changing the definition of criminal history to include all prior juvenile adjudications did not apply retroactively so as to allow sentencing courts to revive defendants' previously washed out juvenile offenses. 144

3

Wn.2d at 673-75. As applicable here, we summarized the rule flowing from *Smith* and related cases as follows:

> If the current adult offense occurred on or after July 1, 1997 but before June 13, 2002, and the prior juvenile offense is *not* a sex offense, serious violent offense, or Class A felony committed while 15 or older:
>
>     a.    The prior juvenile adjudication does not count if the defendant committed the underlying juvenile offense before age 15, provided that he or she attained age 15 before July 1, 1997.

*In re Pers. Restraint of Jones*, 121 Wn. App. 859, 871, 88 P.3d 424 (2004) (footnotes omitted).

Channon committed his current crimes on August 24, 1998, he attained the age of 15 before July 1, 1997, and four of the juvenile adjudications included in his criminal history were committed before he was 15 years of age. Those prior juvenile adjudications were neither sex offenses nor serious violent offenses. Accordingly, under *Smith*, the sentencing court improperly included those juvenile adjudications when calculating Channon's offender score. 144 Wn.2d at 672-75. The improper inclusion of those previously washed out juvenile adjudications show a facial invalidity in Channon's judgment and sentence. *LaChapelle*, 153 Wn.2d at 6.

The State argues that *Smith* does not apply to Channon's petition because the legislature effectively overturned the holding in *Smith* when it again amended the Sentencing Reform Act of 1981, ch. 9.94A RCW, in 2002. LAWS OF 2002, ch. 107, § 2. But our Supreme Court rejected that same argument in *LaChapelle*, and we need not revisit it here. 153 Wn.2d at 11-13. Because the error in including previously washed out juvenile offenses in Channon's offender score shows a facial invalidity in his judgment and sentence, his petition is not time barred. With

4

that, because the error in calculating Channon's offender score demonstrates a fundamental defect resulting in a miscarriage of justice, we grant his petition and remand for resentencing.[2]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Bjorgen, C.J.

We concur:

_____
MAXA, J.

_____
MELNICK, J.

---

[2] Because we remand for resentencing, we need not address Channon's contentions with other alleged technical errors in his judgment and sentence that did not affect the length or conditions of his sentence.