## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48549-4-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| SCOTT W. McCOMB, | |
| Appellant. | |

BJORGEN, C.J. — Scott Williams McComb appeals from the sentence imposed following

his guilty pleas to first degree identity theft, second degree possession of stolen property, second

degree theft, and bail jumping. McComb contends this matter must be remanded for

resentencing because the trial court sentenced him based on an incorrect offender score.[1] We

affirm McComb's sentence.

### FACTS

On July 15, 2014, the State charged McComb by amended information with first degree

---

[1] McComb also requests that we exercise our discretion to waive appellate fees in this matter. Because McComb's current or likely future ability to pay appellate costs may be addressed by a commissioner of this court under RAP 14.2, we defer this matter to our commissioner in the event that the State files a cost bill.

identity theft, second degree possession of stolen property, second degree theft, and bail jumping. McComb pled guilty to the charges. As part of his plea agreement, McComb signed a written document stipulating to certain prior convictions and to an offender score of 9 plus. The stipulation includes seven prior convictions, which the parties agreed were each to be scored at 1 point. The criminal history stipulation also lists a 1993 out-of-state conviction that was scratched out and went unscored.[2]

The sentencing court imposed a 63-month incarceration term for McComb's first degree identity theft conviction, which was at the bottom of the standard range based on his 9 plus offender score. The sentencing court imposed high-end standard range sentences for McComb's remaining convictions, with each concurrent with his 63-month sentence for first degree identity theft. The criminal history listed on McComb's judgment and sentence includes a 1993 conviction from Nevada for unlawful use of a controlled substance, to which McComb did not stipulate as part of his guilty plea. McComb appeals from his sentence.

ANALYSIS

McComb contends that the sentencing court erred by imposing a sentence based on an incorrect offender score. We disagree.

In general, a sentence within the standard range is not subject to appeal. RCW 9.94A.585(1); *State v. Knight*, 176 Wn. App. 936, 957, 309 P.3d 776 (2013). Additionally, a defendant who pleads guilty to an offense and stipulates to his criminal history and offender score generally waives the right to challenge the facts to which he stipulated. *State v. Harris*, 148 Wn. App. 22, 29, 197 P.3d 1206 (2008). However, a defendant may challenge for the first

---

[2] Although largely illegible, the parties agree that the scratched-out conviction on McComb's criminal history stipulation was for a 1993 conviction from Nevada.

time on appeal a sentence imposed without statutory authority regardless of whether the defendant had pled guilty because a defendant "cannot agree to a sentence in excess of that statutorily authorized." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 876, 50 P.3d 618 (2002). More specifically, a sentencing court acts without statutory authority when it imposes a sentence based on a miscalculated offender score. *In re Pers. Restraint of Johnson*, 131 Wn.2d 558, 568, 933 P.2d 1019 (1997).

McComb argues that the sentencing court exceeded its statutory authority in calculating his offender score at 9 plus because it improperly included in its offender score calculation an offense to which he did not stipulate in his plea agreement. Specifically, McComb argues that, absent the improper inclusion of the 1993 offense, the sentencing court should have calculated his offender score at 8 for his first degree identity theft conviction. He is mistaken.

McComb agrees that the sentencing court properly counted 1 point for each of his prior stipulated convictions for a total of 7 points. He fails to recognize, however, that the sentencing court was also required to count his other current offenses as prior offenses for purposes of calculating his offender score. RCW 9.94A.525(1); RCW 9.94A.589(1). Under the sentencing provisions applicable to McComb's first degree identity theft conviction, RCW 9.94A.525(7) and RCW 9.94A.589(1), his other current felony convictions were to be scored at 1 point each, for a total of 3 points. Thus, the trial court properly calculated McComb's total offender score at 9 plus. Although McComb's judgment and sentence incorrectly lists in his criminal history a 1993 Nevada offense for unlawful use of a controlled substance, this conviction was not necessary to correctly calculate his offender score at 9 plus. Therefore, the 1993 conviction did

not affect the standard range within which McComb was sentenced. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
BJORGEN, C.J.

We concur:

_____
WORSWICK, J.

_____
JOHANSON, J.