# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 51900-3-II |
| ISAIAH JACOB SCHUBERT, | |
| Petitioner. | UNPUBLISHED OPINION |

LEE, A.C.J. — Isaiah Schubert seeks relief from personal restraint resulting from his 2017 plea of guilty to first degree burglary, violation of a no-contact order, residential burglary, assault in violation of a no-contact order, unlawful imprisonment, second degree unlawful possession of a firearm, and first degree criminal trespass. He argues that (1) his offender score of 9 is incorrect and (2) he received ineffective assistance of counsel.

## FACTS

In 2017, Schubert pleaded guilty to first degree burglary with a firearm enhancement, violation of a no-contact order, residential burglary, assault in violation of a no-contact order, unlawful imprisonment, second degree unlawful possession of a firearm, and first degree criminal trespass. Schubert's offender scores were calculated as follows: 9 on the first degree burglary, 5 on the residential burglary, 6 on the assault in violation of a no-contact order and the unlawful imprisonment, and 4 on the unlawful possession of a firearm.

The superior court sentenced Schubert to a total of 176 months confinement. Schubert now seeks relief through this personal restraint petition, arguing that his offender score was improperly calculated and that he received ineffective assistance of counsel.

ANALYSIS

A.    OFFENDER SCORE

Schubert argues that the trial court incorrectly calculated his offender scores because (1) it counted the first degree criminal trespass in the offender score for the first degree burglary even though that crime was not a "repetitive domestic violence offense" under RCW 9.94A.030(42), (2) it did not treat his assault in violation of a no-contact order and unlawful imprisonment as parts of the same criminal conduct, (3) it did not treat his violation of a no-contact order and first degree criminal trespass as parts of the same criminal conduct, and (4) it did not merge his violation of a no-contact order and first degree criminal trespass with his first degree burglary. The State concedes that the trial court erred when it counted the first degree criminal trespass in the offender score in the other counts because that crime was not a "repetitive domestic violence offense" under RCW 9.94A.030(42). We accept the State's concession.

RCW 9.94A.030(42) specifically defines "repetitive domestic violence offense" as any domestic violence assault, violation of a no-contact order, violation of an anti-harassment order, harassment, or stalking offense that is not a felony. RCW 9.94A.030(42) does not include criminal trespass as a repetitive domestic violence offense and the State properly concedes that the criminal trespass should not have been included in Schubert's offender score. Therefore, Schubert is entitled to be resentenced with an offender score of 8 for the first degree burglary conviction. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 877, 50 P.3d 618 (2002).

But Schubert's other arguments regarding his offender score fail. As part of his plea agreement, he stipulated that his convictions were not parts of the same criminal conduct. And he does not show that his burglary conviction should have been merged with the violation of a no-contact order and criminal trespass with his burglary because the latter crimes are misdemeanors not subject to merger under RCW 9.94A.589.

Finally, Schubert argues that the error in his offender score renders his plea involuntary, entitling him to withdraw it. But an error in a judgment and sentence does not render a plea involuntary. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 141, 267 P.3d 324 (2011).

B.      INEFFECTIVE ASSISTANCE OF COUNSEL

Next, Schubert argues that he received ineffective assistance of counsel because his counsel (1) miscalculated his offender score as described above, (2) did not object to joinder, (3) did not move to suppress evidence from a search of his car and his phone, (4) did not obtain a copy of a security camera video, and (5) was unprepared for trial. We disagree.

To establish ineffective assistance of counsel, Schubert must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of his case probably would have been different. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). There is a strong presumption that trial counsel's performance was reasonable. *State v. Grier*, 171 Wn.2d 17, 42, 246 P.3d 1260 (2011).

Here, Schubert does not show either deficient performance or resulting prejudice. The miscalculation of his offender score was a mutual mistake by his counsel, the prosecutor, and the trial court. And Schubert does not show that motions to sever and suppress, if made, likely would

No. 51900-3-II

have been granted. Also, he does not show the relevance of the security camera video. And his trial counsel was able to negotiate a plea agreement that reduced his sentence from a possible maximum of 212 months with 96 months of enhancements to 116 months with 60 months of enhancements. Thus, Schubert does not demonstrate that he received ineffective assistance of counsel.

We grant Schubert's petition in part and remand his judgment and sentence for resentencing with a correct offender score of 8 for the first degree burglary. We deny the remainder of the petition. We also deny Schubert's request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

                                              , A.C.J.

LEE, A.C.J.

We concur:

MELNICK, J.

SUTTON, J.

4