IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 37831-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JERMAINE ADAMS, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Jermaine Adams was convicted of possession of a

controlled substance, a felony, and criminal trespass in the second degree, a

misdemeanor. While his appeal was pending, the trial court vacated his felony conviction

but failed to strike one legal financial obligation and reduce another. He appeals these

failures. The State concedes error. We agree and remand for ministerial corrections.

FACTS

On October 6, 2020, a jury found Jermaine Adams guilty of possession of

methamphetamine and criminal trespass in the second degree. The trial court imposed a

sentence that included a $500 victim assessment fee and a $100 deoxyribonucleic acid

(DNA) collection fee. Adams timely appealed.

While this case was on appeal, our Supreme Court decided *State v. Blake*, 197 Wn.2d 170, 186, 481 P.3d 521 (2021), holding that Washington's strict liability possession of a controlled substance statute was unconstitutional.

On March 3, 2021, the State and Adams's trial counsel jointly moved to dismiss and vacate Adams's possession of a controlled substance conviction. The Kittitas County Superior Court granted the motion and entered an order. Relevant to this appeal, the order states: "Defendant is released from all penalties and disabilities resulting from this offense. . . . The defendant may be entitled to remission of fines/fees paid in a separate civil action." Clerk's Papers at 117. The order did not specifically note that the DNA collection fee and victim assessment fee were struck.

On March 25, 2021, Adams's appellate counsel submitted a RAP 7.2(e) motion, asking this court to authorize entry of the already entered order. On March 30, 2021, Commissioner Landrus granted the motion.

## ANALYSIS

### DNA COLLECTION FEE

Adams contends the DNA collection fee must be struck from his judgment and sentence because his felony conviction was vacated pursuant to *Blake*. The State correctly concedes this issue.

No. 37831-4-III
*State v. Adams*


The State is statutorily required to collect a DNA sample from every felony offender and certain misdemeanor offenders. RCW 43.43.754(1). Sentences imposed for those offenses must include a $100 fee unless the State has previously collected the offender's DNA as a result of a prior conviction. RCW 43.43.7541.

Adams's conviction for possession of a controlled substance is now void under *Blake*. Adams was also convicted of criminal trespass in the second degree, a misdemeanor. RCW 9A.52.080. Criminal trespass is not one of the listed misdemeanors requiring DNA collection. *See* RCW 43.43.754(1)(a)(i)-(xi). Accordingly, Adams is not required to submit a DNA sample or pay the $100 DNA collection fee.

VICTIM ASSESSMENT FEE

Adams contends the $500 victim assessment fee should be amended because his felony conviction was vacated and only a misdemeanor conviction remains. The State correctly concedes this issue.

An offender's sentence must be authorized by statute. *See In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 869, 50 P.3d 618 (2002). Under RCW 7.68.035(1)(a), the trial court is authorized to impose a $500 victim assessment fee for all felonies and gross misdemeanors. Misdemeanors, including criminal trespass in the second degree, result in the imposition of a $250 fee. *Id.*

3

No. 37831-4-III
*State v. Adams*

CONCLUSION

We remand for the trial court to strike the DNA collection fee and to amend the victim assessment fee to $250.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Fearing, J.                                                    Staab, J.

4