IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  39190-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JESSICA A. VAN VEEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

COONEY, J. — Jessica Van Veen was charged with attempting to elude a police vehicle.  After Ms. Van Veen pleaded guilty, the court granted her a residential drug offender sentencing alternative (DOSA).  Ms. Van Veen promptly violated the conditions of the DOSA.  Consequently, the court revoked the DOSA and imposed a standard range sentence.

Ms. Van Veen appeals, arguing her right to due process was violated at the revocation hearing and she was sentenced under an incorrect offender score.  We affirm.

BACKGROUND

Based on events that occurred on March 2, 2022, Ms. Van Veen was charged with attempting to elude a police vehicle.  The State further alleged a 12-month enhancement for endangering one or more persons under RCW 9.94A.533(11).  The facts underlying the charge and enhancement are not relevant to this appeal.

On April 8, 2022, Ms. Van Veen pleaded guilty as charged and stipulated to an offender score of 6. Ms. Van Veen's criminal history included three class C felony convictions: theft in the second degree (RCW 9A.56.040), second degree possession of stolen property (RCW 9A.56.160), and criminal mischief with a deadly weapon (RCW 9A.84.010). The date of sentence for her most recent felony was February 3, 2017. The record lacks any indication as to when Ms. Van Veen was released from incarceration from her most recent felony.

At the sentencing hearing on April 29, 2022, the court granted Ms. Van Veen's request for a residential DOSA and ordered her into treatment. The court confirmed that Ms. Van Veen's standard range sentence was 12 to 14 months for the attempting to elude a police vehicle charge plus a 12-month enhancement for endangering one or more persons. The court granted Ms. Van Veen's request that she be allowed to report for inpatient treatment by May 3, 2022.

On May 3, 2022, Ms. Van Veen returned to court and requested additional time before having to report to inpatient treatment. Ms. Van Veen stated that her brother had passed away from a drug overdose and she needed to assist her family in planning his final arrangements. Ms. Van Veen indicated that she would reside with her father and sister in Yakima, Washington, until she reported to inpatient treatment. Ms. Van Veen's father and sister appeared at the hearing, confirmed what Ms. Van Veen had stated, and

informed the court they would report to the court if she was not in compliance with her release conditions. The court granted Ms. Van Veen's request and permitted her to reside with her father and sister until May 24, 2022, at which time she was to report for inpatient treatment. In granting Ms. Van Veen additional time to report to treatment, the court ordered her to take random urinalysis (UA) tests twice weekly, to attend Narcotics Anonymous, Alcoholic Anonymous, or a similar program every other day, and to report her compliance with the ordered conditions weekly.

On May 12, 2022, the State moved to revoke Ms. Van Veen's residential DOSA due to numerous alleged violations of the terms of her community custody. At the revocation hearing, Ms. Van Veen's sister testified that Ms. Van Veen was not residing with the family, was "running around doing her own thing," and was "using." Rep. of Proc. (RP) at 66. At the conclusion of the hearing, the court revoked Ms. Van Veen's release and issued a warrant for her arrest but declined to revoke her DOSA. The court stated that a more "formal hearing to revoke the DOSA sentence" would need to be held. RP at 68.

On May 27, 2022, a second hearing was held on the State's motion to revoke Ms. Van Veen's DOSA. At the hearing, Ms. Van Veen admitted to using drugs while she was released but asked the court for one more chance. The court continued the hearing. In the meantime, Ms. Van Veen was ordered to remain in custody. On July 8, 2022, the

3

court denied the State's motion to revoke Ms. Van Veen's DOSA. The court ordered Ms. Van Veen remain in custody while she awaited a bed date for inpatient treatment. The court cautioned Ms. Van Veen:

> Well, so far every promise that Ms. Van Veen has made to the Court has been violated. She—I think that really justice calls for a one more last time chance and I do mean last time chance. Because I'm gonna allow you to continue in the DOSA program. You'll stay in custody until the bed date arrives. You'll be taken to the—Mr. Whitman can take you to the bed date. If you make any violation, any further violations, you're gonna be revoked and you'll end up facing the 24 months in prison.
>
> So, this is your last chance.

RP at 90.

A few weeks after the July 8 hearing, the State brought a second motion to revoke Ms. Van Veen's DOSA, this time alleging that she had provided drugs to her cellmate. The State attached the jail infraction report to its motion. The report alleged that Ms. Van Veen had provided Suboxone to her cellmate. The report stated that both Ms. Van Veen and her cellmate admitted to the infraction and a UA provided by her cellmate tested positive for Suboxone.

At the hearing on the State's second motion to revoke the DOSA, both defense counsel and the court acknowledged that under ER 1101 the rules of evidence did not strictly apply. The court noted that the burden of proof was a preponderance of the evidence. Defense counsel requested, and the court agreed, to take testimony and

4

consider letters written in support of Ms. Van Veen. The court also considered the jail infraction report.

At the conclusion of the hearing, the court revoked Ms. Van Veen's DOSA. The court sentenced Ms. Van Veen to the low end of the standard range, 12 months plus one day, consecutive to a 12-month enhancement for endangering one or more persons. The order revoking Ms. Van Veen's residential DOSA stated that "[t]he court finds that the defendant has violated the requirements or conditions of the DOSA sentence as follows: ☒ Failed to comply with or complete treatment as ordered." Clerk's Papers (CP) at 39. Ms. Van Veen brought a motion to modify her sentence, which was denied.[1]

Ms. Van Veen appeals.

ANALYSIS

Ms. Van Veen contends her right to due process was violated at the DOSA revocation hearing because the court failed to outline the evidence it relied on and did not find that the State met its burden of proof.

---

[1] At the hearing on the motion to modify, the State indicated that Ms. Van Veen's jail infraction was dismissed:

> Then there was the allegation in the jail that she had delivered drugs to another inmate, who also has addiction issues. That case was dismissed, so that she could go and serve this sentence. So, she got a benefit even from you revoking her residential DOSA and imposing the standard range that was applicable of not having to face that charge.

RP at 114.

Ms. Van Veen omits from her briefing whether she is claiming a violation of her substantive or procedural due process protections. Aside from a three-sentence paragraph in her opening brief, Ms. Van Veen fails to cite any rule of law supporting or explaining how either her substantive or procedural due process rights may have been violated. Rather, in her briefing, Ms. Van Veen recounts the facts and concludes, "Under these circumstances, the revocation hearing violated due process." Appellant's Opening Br. at 11.

"'[N]aked castings into the constitutional sea are not sufficient to command judicial consideration and discussion.'" *In re Request of Rosier*, 105 Wn.2d 606, 616, 717 P.2d 1353 (1986) (quoting *United States v. Phillips*, 433 F.2d 1364, 1366 (8th Cir. 1970)). Given the deficient briefing, we would be left to analyze whether the court disregarded procedures in depriving Ms. Van Veen of her liberty or whether the outcome was based on arbitrary and capricious governmental action. We decline the invitation.

Next, Ms. Van Veen argues that her offender score was incorrect based on her prior convictions washing out. An illegal or erroneous sentence may be challenged for the first time on appeal. *See In re Pers. Restraint of Call*, 144 Wn.2d 315, 331, 28 P.3d 709 (2001); *State v. Ford*, 137 Wn.2d 472, 477, 973 P.2d 452 (1999). A defendant's stipulation to an offender score generally does not waive a challenge to the miscalculated

score.  *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873-74, 50 P.3d 618 (2002).

However, the court in *Goodwin* outlined a limitation to this general rule.  *Id.*  The court in

*Goodwin* stated, "While waiver does not apply where the alleged sentencing error is a

*legal error* leading to an excessive sentence, waiver can be found where the alleged error

involves an agreement to facts, later disputed, or where the alleged error involves a

matter of trial court discretion."  *Id.* at 874.

Here, Ms. Van Veen argues that some of her prior convictions should have washed

out yet were erroneously included in her stipulated offender score.  In *State v. Ross*, the

Washington Supreme Court rejected a challenge to a stipulated offender score.  152

Wn.2d 220, 231-32, 95 P.3d 1225 (2004).  There, the court distinguished between cases

in which a defendant's judgment and sentence contained "obvious errors" and cases

where a defendant failed to show on appeal that "an error of fact or law exists within the

four corners of the judgment and sentence."  *Id.*  Ultimately, the Supreme Court rejected

the defendants' challenge to their stipulated offender scores because they could not show

that the "sentencing court committed *any* arguable factual or legal error by including their

prior out-of-state and/or federal convictions in their offender score."  *Id.* at 232.

Similarly, here, Ms. Van Veen cannot show that some of her prior convictions

should not have been counted in her offender score.  RCW 9.94A.525(2)(c) states:

> Except as provided in (e) of this subsection, class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without committing any crime that subsequently results in a conviction.

Ms. Van Veen argues that the class C felonies included in her offender score should not have been counted because "Ms. Van Veen's last prior conviction was entered on February 3, 2017," and "the current offense was committed on March 2, 2022." Appellant's Opening Br. at 15. Ms. Van Veen misstates the law.

RCW 9.94A.525(2)(c) states that a prior class C felony offense "shall not be included in the offender score if, *since the last day of release from confinement*" the individual spent five consecutive years in the community without reoffending. (Emphasis added.) Ms. Van Veen was *sentenced* for her last class C felony on February 3, 2017, more than five years prior to the date of her current offenses. However, the record lacks any showing as to when Ms. Van Veen was released from confinement for her last class C felony conviction. Because she stipulated to her offender score, it is unlikely that she or the State provided any information on the date she was released from confinement. Ms. Van Veen cannot show an error of fact or law exists within the four corners of her judgment and sentence. Thus, we cannot say that her offender score was incorrectly calculated.

No. 39190-6-III
*State v. Van Veen*

We affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____                    _____
Lawrence-Berrey, A.C.J.                                      Staab, J.

9