**FILED**
**OCTOBER 29, 2024**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 40123-5-III |
| | ) | |
| MARK ANTHONY CURTIS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

PENNELL, J. — Mark Anthony Curtis brings this personal restraint petition, seeking resentencing based on an invalid offender score. We grant his petition in part.

BACKGROUND

In 2018, the State charged Mr. Curtis with attempted first degree murder, first degree assault, and first degree unlawful possession of a firearm. The following year, Mr. Curtis entered an *Alford*[1] plea to a single count of first degree assault. The plea was made pursuant to an agreement whereby the State agreed to "recommend[ ] [a] low end

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

of range (209 months), standard costs, [and] 36 months['] supervision." Br. of Resp't,
Ex. E at 5.

At sentencing, the court calculated Mr. Curtis's standard range as 209 to 277
months. This was based on an offender score that included several juvenile adjudications,
including a 2010 conviction for possession of a controlled substance. The court followed
the State's plea agreement recommendation and imposed a low-end sentence of 209
months. The court also imposed a $500 crime victim penalty assessment (VPA).

While Mr. Curtis was serving his sentence, the Washington Supreme Court
decided *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). *Blake* held that
Washington's statute criminalizing simple possession of controlled substances was
void because it violated the due process clauses of the state and federal constitutions.
*Blake* had a retroactive effect. One of the results of *Blake* has been that defendants
serving criminal sentences that had been inflated based on prior convictions for
possession of a controlled substance were entitled to resentencing.

In 2023, Mr. Curtis filed a personal restraint petition with this court, seeking
resentencing under *Blake*. He also seeks relief based on a 2023 law eliminating most
juvenile felony adjudications from a defendant's offender score (LAWS OF 2023, ch. 415,
§ 2 (codified at RCW 9.94A.525(1)(b)), and a separate 2023 statutory amendment

eliminating the $500 VPA for indigent criminal defendants (LAWS OF 2023, ch. 449, § 1(4) (codified at RCW 7.68.035(4))).

## ANALYSIS

<u>Blake</u> *resentencing*

A personal restraint petition generally must be filed within one year after a conviction has become final. RCW 10.73.090. But this time bar does not apply if the petitioner's judgment and sentence is facially invalid. *In re Pers. Restraint of Weber*, 175 Wn.2d 247, 255, 284 P.3d 734 (2012). A judgment and sentence is facially invalid if it reflects a sentence imposed with an improperly calculated offender score. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866-67, 50 P.3d 618 (2002).

The State concedes the judgment and sentence is invalid on its face due to the inclusion of Mr. Curtis's 2010 conviction for possession of a controlled substance in the offender score calculation. The 2010 conviction raised Mr. Curtis's offender score from 7 to 8 and increased his sentencing range from 178 to 236 months to 209 to 277 months. Given the impact of Mr. Curtis's invalid controlled substance conviction, we accept the State's concession and remand for resentencing.

*Juvenile adjudications*

When Mr. Curtis was sentenced, the trial court relied on several juvenile adjudications in calculating his offender score. This was consistent with the law in effect at the time. *See* Former RCW 9.94A.525(1) (2001). But under recent changes to the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, most juvenile adjudications now cannot be used to calculate a defendant's offender score. *See* LAWS OF 2023, ch. 415, § 2). Mr. Curtis argues that he is entitled to the benefit of this change in the law on remand. We disagree.

The SRA provides that the law applicable at a sentencing hearing is determined by the defendant's offense conduct date. Former RCW 9.94A.345 (2000). An exception exists when "a contrary intention is expressly declared" by the legislature in making a statutory change. RCW 10.01.040. The 2023 statutory amendments regarding juvenile adjudications did not include any express declaration of retroactivity. *See State v. Tester*, 30 Wn. App. 2d 650, 656, 546 P.3d 94 (2024), *review denied*, No. 103101-7 (Wash. Oct. 9, 2024); *State v. Troutman*, 30 Wn. App. 2d 592, 599-600, 546 P.3d 458, *review denied*, 3 Wn.3d 1016, 554 P.3d 1217 (2024). As such, Mr. Curtis is not entitled to the benefit of the 2023 statutory change regarding juvenile adjudications.

*Crime victim penalty assessment*

Former RCW 7.68.035(1)(a) (2018) required a VPA to be imposed on any individual found guilty of a crime in superior court. But in 2023, the legislature amended the statute to prohibit imposition of the VPA on indigent defendants. This amendment applies to *Blake* resentencing hearings. *See State v. Ellis*, 27 Wn. App. 2d 1, 17-18, 530 P.3d 1048 (2023). Given this circumstance, Mr. Curtis may seek the benefit of this statutory change on remand.

*Breach of plea agreement*

In its briefing to this court, the State contends that if Mr. Curtis argues for a lower sentence on remand, he will be in breach of contract, and the State will then be free to recommend a higher sentence. The State's argument is hypothetical and therefore not ripe for review. On remand, the trial court may need to determine the meaning and the scope of the parties' plea agreement. [2]

---

[2] We note that on the face of the agreement, the "State" agreed to recommend a "low end of range (209 months)" sentence. Br. of Resp't, Ex. E at 5. There is no written statement indicating Mr. Curtis was obliged to join this recommendation. In addition, it is unclear whether the agreement would have required the State to recommend a low-end sentence if Mr. Curtis's standard range had been lower than 209 to 277 months. A plea agreement that contains an ambiguous clause will generally be construed against the drafter. *See State v. Bison*, 156 Wn.2d 507, 522-23, 130 P.3d 820 (2006).

No. 40123-5-III
*In re Pers. Restraint of Curtis*


CONCLUSION

Mr. Curtis's personal restraint petition is granted in part. This matter is remanded

to the trial court for resentencing consistent with the terms of this opinion.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Staab, A.C.J.


_____
Cooney, J.

6