[No. 27336-5-II.   Division Two.   June 21, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL WAYNE HICKMAN, *Appellant*.

*Stephanie C. Cunningham*, for appellant (appointed counsel for appeal).

*Gerald A. Horne, Prosecuting Attorney*, and *Kathleen Proctor, Deputy*, for respondent.

SEINFELD, J. — Michael Wayne Hickman appeals a standard range sentence imposed following his guilty pleas to two counts of unlawful possession of a controlled substance. Hickman stipulated to his prior convictions and offender score for sentencing purposes. Nonetheless, he now argues that the trial court erred in relying on his stipulation instead of performing its own comparability analysis of an out-of-state conviction and same criminal conduct analysis of his other concurrently served prior convictions. Because Hickman's stipulation was an integral part of a knowing and voluntary plea agreement, we will not revisit the sentencing court's calculation of his offender score. Thus, we dismiss this appeal.

## FACTS

In December 2000, the State charged Hickman with two counts of unlawful possession of a controlled substance with intent to deliver, one count for methamphetamine and another count for marijuana. After trial commenced, Hickman decided to plead guilty to an amended information charging two counts of unlawful possession of methamphetamine.

As part of his guilty plea, Hickman stipulated to an offender score of eight and to his prior convictions. At sentencing, the State told the court that Hickman "is stipulating that his offender score for sentencing purposes will be an eight." Report of Proceedings (RP) at 8. Defense counsel then stated that "we did put down eight . . . and [Hickman] did initial that. The problem . . . is he had some concurrent convictions that he interprets as being the same criminal act . . . and [the State] made our agreement to eight as being part of the plea offer." RP at 9. Hickman then responded affirmatively to the trial court's question whether he had initialed next to the stipulation to "eight points." RP at 9.

The trial court accepted Hickman's stipulation to an offender score of eight, which resulted in a 17-22 month standard range. It then sentenced Hickman to 22 months confinement on each count, to be served concurrently. Hickman now appeals his offender score calculation, asserting that (1) he can challenge it for the first time on appeal; (2) the sentencing court lacked authority to include the Oregon conviction because the State failed to prove it was comparable to a Washington offense; and (3) we should remand for a same criminal conduct finding as to his other prior convictions.

## DISCUSSION

Hickman seeks to avoid his stipulation by relying on the general rule that a defendant may challenge an illegal or

erroneous sentence for the first time on appeal. *See In re Pers. Restraint of Call*, 144 Wn.2d 315, 331, 28 P.3d 709 (2001); *State v. Ford*, 137 Wn.2d 472, 477, 973 P.2d 452 (1999). But this case is distinguishable from *In re Call* and *Ford*.

*In re Call* involved two out-of-state convictions that, unknown to the parties and the trial court, had "washed out" under the Sentencing Reform Act of 1981. 144 Wn.2d at 320, 326-27. The *Call* court held that because there was no evidence of an affirmative action by the defendant that contributed to the inadvertent error, the invited error doctrine did not preclude review. 144 Wn.2d at 328-29. *See also In re Pers. Restraint of Thompson*, 141 Wn.2d 712, 723-24, 10 P.3d 380 (2000) (invited error doctrine requires some affirmative, knowing, and voluntary action by the defendant to set up the error).

■■ Here, the record is clear that Hickman knowingly and affirmatively agreed to the offender score stipulation, despite his apparent misgivings, because the plea agreement was based on that stipulation. Defense counsel acknowledged that "we did put down eight . . . and [Hickman] did initial that. The problem . . . is he had some concurrent convictions that he interprets as being the same criminal act . . . and [the State] made our agreement to eight as being part of the plea offer." RP at 9. And in response to the trial court's question, Hickman confirmed that he was stipulating to an offender score of eight.

Further, the stipulation provided that Hickman "stipulates that the following [out-of-state] convictions are equivalent to Washington State felony convictions of the class indicated," and "that the offender score is correct." Clerk's Papers (CP) at 4. Hickman's stipulation also noted that he "waives any right to appeal or seek redress via any collateral attack based upon the above stated criminal history and/or offender score calculation" if sentenced within the standard range. CP at 5. *See also* RCW 9.94A.210(1) (standard range sentence shall not be appealed). Finally, Hickman initialed by the handwritten note

on his statement on plea of guilty that he "stipulated [to] 8 points." CP at 7.

The *Ford* court rejected the State's argument that the defendant acknowledged and, thus, waived challenges to the classification of his out-of-state convictions merely by failing to object at sentencing. 137 Wn.2d at 483. But the *Ford* court further noted that a defendant could acknowledge such classification, without need for further proof from the State, by an affirmative agreement. 137 Wn.2d at 483. *See* former RCW 9.94A.370(2) (2000) ("In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. Acknowledgement includes not objecting to information stated in the presentence reports."). For instance, the *Ford* court noted that as defense counsel had included two other out-of-state convictions in its proffered offender score calculation, the sentencing court properly included those convictions without further proof of classification. 137 Wn.2d at 483 n.5.

As the record reflects that Hickman knowingly, voluntarily, and affirmatively stipulated to his offender score to gain the benefit of the plea bargain, he waived the right to appeal his offender score calculation and/or invited any error in that calculation. *See, e.g., In re Pers. Restraint of Connick*, 144 Wn.2d 442, 463-64, 28 P.3d 729 (2001) (defendant waived right to challenge trial court's reliance on his representations as to his offender score by affirmatively and expressly agreeing to score); *In re Pers. Restraint of Breedlove*, 138 Wn.2d 298, 301, 313, 979 P.2d 417 (1999) (defendant stipulated to exceptional sentence in plea agreement; court found defendant invited any error by agreeing to sentence in exchange for reduced charges and by agreeing orally and in writing that stipulation justified sentence).

Thus, we dismiss Hickman's appeal.

QUINN-BRINTNALL, A.C.J., and BRIDGEWATER, J., concur.

Review granted and case remanded to the Court of Appeals at 148 Wn.2d 1014 (2003).