[No. 50407-0-I.   Division One.   March 24, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. RUSSELL HUNTER, *Appellant*.

*Sharon J. Blackford* and *Gregory C. Link* (of *Washington Appellate Project*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Matthew P. Lapin, Deputy*, for respondent.

PER CURIAM. — Russell Hunter challenges the inclusion of four out-of-state convictions in his offender score. Because the defense affirmatively acknowledged the State's classification, the sentencing court properly calculated Hunter's offender score. Accordingly, we affirm the sentence imposed after Hunter pleaded guilty to one count of second degree robbery.

On appeal, Hunter argues that the State failed to prove that his out-of-state convictions were comparable to Washington felonies. *See State v. McCorkle*, 137 Wn.2d 490, 495, 973 P.2d 461 (1999) (State bears the burden of establishing the classification of prior out-of-state convictions). But the sentencing court may properly rely on a stipulation or acknowledgement to support a determination of classification. *State v. Ford*, 137 Wn.2d 472, 483, 973 P.2d 452 (1999). When the defendant affirmatively agrees with the State's classification of out-of-state convictions, the sentencing court may include the convictions in the defendant's offender score without further proof of classification. *See Ford*, 137 Wn.2d at 483 n.5.

At the time he entered his guilty plea, Hunter disputed the State's assertion that his offender score was five, based on five out-of-state convictions. At sentencing, the deputy prosecutor acknowledged that the State was unable to prove that one of the five out-of-state convictions was comparable to a Washington felony and that Hunter's offender score was therefore four. In response, defense counsel expressly conceded that the only other conviction that Hunter was challenging was properly included in his offender score. Defense counsel also acknowledged that the State had properly calculated Hunter's standard range. Because the defense affirmatively acknowledged the correctness of the State's classification of the out-of-state convictions, the sentencing court properly included the convictions in Hunter's offender score.

Relying on *In re Personal Restraint of Goodwin*, 146 Wn.2d 861, 874, 50 P.3d 618 (2002), Hunter contends that he could not waive the right to appeal the determination of comparability. But Hunter does not allege that his prior out-of-state convictions were erroneously classified; rather, his sole claim is that the State failed to prove comparability at sentencing. Because Hunter affirmatively acknowledged the correctness of the State's classification, the sentencing court was not required to consider any further proof. *Ford*, 137 Wn.2d at 483. Nothing in *Goodwin*, which involved a collateral challenge to a judgment and sentence that was invalid on its face, supports the proposition that the sentencing court must undertake a comparability determination despite the defendant's affirmative agreement with the State's classification.

Affirmed.