[No. 27336-5-II. Division Two. May 20, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL WAYNE HICKMAN, *Appellant*.

*Stephanie C. Cunningham*, for appellant.

*Gerald A. Horne, Prosecuting Attorney*, and *Kathleen Proctor, Deputy*, for respondent.

SEINFELD, J. — In *State v. Hickman*, 112 Wn. App. 187, 48 P.3d 383 (2002), *review granted*, 148 Wn.2d 1014 (2003), we held that by stipulating to his offender score, Michael W. Hickman waived his right to appeal that score. The Washington Supreme Court remanded *Hickman* for our reconsideration in light of *In re Personal Restraint of Goodwin*, 146 Wn.2d 861, 50 P.3d 618 (2002). We uphold our ruling in *Hickman*, holding that a defendant who stipulates that his out-of-state convictions are comparable to Washington offenses waives the opportunity to challenge comparability on appeal.

## FACTS

Hickman pleaded guilty to two counts of unlawful possession of methamphetamine. *Hickman*, 112 Wn. App. at 189. As part of his guilty plea, he stipulated (1) to an offender score of eight for his prior convictions and (2) that his Oregon drug offense conviction was equivalent to a class B felony conviction under Washington State law.

On appeal, Hickman asserted that (1) he could challenge his offender score calculation for the first time on appeal, (2) the sentencing court lacked authority to include the Oregon conviction because the State failed to prove it was comparable to a Washington offense, and (3) the court should remand for a same criminal conduct finding as to his other prior convictions. *Hickman*, 112 Wn. App. at 189. We rejected Hickman's arguments, concluding that by knowingly, voluntarily, and affirmatively stipulating to his offender score "to gain the benefit of the plea bargain, he waived the right to appeal his offender score calculation and/or invited any error in that calculation." *Hickman*, 112 Wn. App. at 191.

Hickman petitioned the Washington Supreme Court for review. That court remanded Hickman's case for our reconsideration in light of *Goodwin*.

## DISCUSSION

*Goodwin* held that a defendant who stipulates to an offender score does not waive the right to appeal that score if it includes "washed-out" juvenile crimes that could not properly be used in calculating an offender score. 146 Wn.2d at 867, 875-76. The *Goodwin* court reasoned that a defendant cannot, by way of a negotiated plea agreement, agree to a sentence in excess of that authorized by statute and thus cannot waive a challenge to such a sentence. 146 Wn.2d at 872, 873-74, 876. The court stated:

> [W]e adhere to the principles that a sentence in excess of statutory authority is subject to collateral attack, that a sentence is excessive if based upon a miscalculated offender score (miscalculated upward), and that a defendant cannot agree to punishment in excess of that which the Legislature has established. Accordingly, we hold that in general a defendant cannot waive a challenge to a miscalculated offender score.

*Goodwin*, 146 Wn.2d at 873-74.

 But the *Goodwin* court continued that "[t]here are limitations on this holding. While waiver does not apply where the alleged sentencing error is a *legal error* leading to an excessive sentence, waiver can be found where the alleged error involves an agreement to facts, later disputed, or where the alleged error involves a matter of trial court discretion." 146 Wn.2d at 874.

The trial court has authority to consider out-of-state convictions in calculating a defendant's offender score. RCW 9.94A.525(3) provides:

> Out-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law. Federal convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law. If there is no clearly comparable offense under Washington law or the offense is one that is usually considered subject to exclusive federal jurisdiction, the offense shall be scored as a class C felony equivalent if it was a felony under the relevant federal statute.

In interpreting that statute's predecessor, *State v. Ford* noted that "[t]he above underscores the nature of the State's burden under the [Sentencing Reform Act of 1981, chapter 9.94A RCW]. It is not overly difficult to meet. The State must introduce evidence of some kind to support the alleged criminal history, including the classification of out-of-state convictions." 137 Wn.2d 472, 480, 973 P.2d 452 (1999).

In comparing out-of-state convictions to Washington offenses, "the sentencing court must compare the elements of the out-of-state offense with the elements of potentially comparable Washington crimes." *Ford*, 137 Wn.2d at 479. If the elements are comparable as a matter of law, the out-of-state conviction counts toward the defendant's offender score. *State v. Morley*, 134 Wn.2d 588, 606, 952 P.2d 167 (1998). "If the elements are not identical, or if the foreign statute is broader than the Washington definition of the particular crime, 'the sentencing court may look at the

defendant's conduct, as evidenced by the indictment or information, to determine whether the conduct would have violated the comparable Washington statute.' " *Morley*, 134 Wn.2d at 606 (quoting *State v. Mutch*, 87 Wn. App. 433, 437, 942 P.2d 1018 (1997)).

Thus, before the sentencing court can rule for the defendant and find that the statutes are not comparable, it must first make a factual determination. Because the doctrine of waiver applies where the alleged error involves a factual dispute, a defendant who stipulates that his out-of-state conviction is equivalent to a Washington offense has waived a later challenge to the use of that conviction in calculating his offender score. *See State v. Hunter*, 116 Wn. App. 300, 302, 65 P.3d 371 (2003) (holding that a defendant can waive the right to appeal the determination of comparability because "[n]othing in *Goodwin* . . . supports the proposition that the sentencing court must undertake a comparability determination despite the defendant's affirmative agreement with the State's classification").

Here, unlike a stipulation to an offender score that included juvenile offenses that "washed out" as a matter of law, Hickman did not agree to a punishment in excess of the court's statutory authority. Rather, he merely resolved the factual issue of whether his Oregon conviction was equivalent to a Washington class B felony conviction. Accordingly, *Goodwin* does not alter our conclusion that Hickman waived his right to appeal the sentencing court's inclusion of his out-of-state conviction in his offender score calculation.

■■ Nor does *Goodwin* prevent the sentencing court's use of Hickman's prior Washington convictions to calculate his offender score without first engaging in a same criminal conduct analysis. The *Goodwin* court specifically recognized that a defendant who stipulates to his Washington convictions may waive the right to argue on appeal that several of those earlier convictions should have been counted as the

same criminal conduct.[1] 146 Wn.2d at 875. The *Goodwin* court noted that application of the same criminal conduct statute involves both factual determinations and the exercise of sentencing court discretion. 146 Wn.2d at 875. Similarly here, the comparability question raises factual issues that we cannot review.

Accordingly, we affirm.

QUINN-BRINTNALL, A.C.J., and BRIDGEWATER, J., affirm.

---

[1] The court based its conclusion on *State v. Nitsch*, 100 Wn. App. 512, 997 P.2d 1000 (2000). *Goodwin*, 146 Wn.2d at 875. There, the defendant argued that his offender score was incorrect because his crimes were the same criminal conduct. *Nitsch*, 100 Wn. App. at 518. The *Nitsch* court rejected the argument because the defendant acknowledged the standard range sentence for his crimes in a presentence report. *Nitsch*, 100 Wn. App at 521-22. The standard range sentences for a crime depend on the defendant's offender score and criminal history. *See Nitsch*, 100 Wn. App. at 522; former RCW 9.94A.310 (2000). Thus, the court held that the defendant had implicitly agreed that the corresponding offender score was correct and that his crimes were not the same criminal conduct. *Nitsch*, 100 Wn. App. at 521-22. The defendant had not contended at sentencing that his priors constituted the same criminal conduct, and the *Nitsch* court reasoned that "[t]he trial court . . . should not be required, without invitation, to identify the presence or absence of the [same criminal conduct] issue and rule thereon." 100 Wn. App. at 525.

Here, defense counsel did state: "And we did put down [an offender score of] eight on the second page [of the plea agreement] and he did initial that. The problem in this case is he had some concurrent convictions that he interprets as being *the same criminal act* and that was the issue, and [the prosecutor] made our agreement to eight as being part of the plea offer." Report of Proceedings at 9 (emphasis added). But, read in context, defense counsel was not raising the same criminal conduct issue. Rather, he was merely explaining why the prosecutor and he had handwritten in Hickman's stipulation to his offender score, as opposed to stipulating thereto on a separate form.