**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46710-1-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| THOMAS H. BOYER, | |
| Appellant. | |

BJORGEN—Thomas Boyer appeals his sentence for attempting to elude a police vehicle, arguing that the trial court miscalculated his offender score.[1] We affirm.

FACTS

In 2014, Boyer pled guilty to attempting to elude a police vehicle. The State calculated an offender score of nine, which was included in Boyer's statement on plea of guilty. The statement further provided, "The prosecuting attorney's statement of my criminal history is attached to this agreement. Unless I have attached a different statement, I agree that the prosecuting attorney's statement is correct and complete." Clerk's Papers at 2.

At his combined plea and sentencing hearing, Boyer confirmed that he reviewed his statement on plea of guilty with his counsel and that he understood it. He did not object to his

_____

[1] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

offender score of nine. Rather, he agreed that the score "sound[ed] accurate." Report of Proceedings (RP) at 7. The State then asked for clarification as to whether this meant Boyer was "agreeing to the fact that his offender score is nine." RP at 10. Boyer's counsel responded, "Yes, Your Honor." RP at 10. The trial court then stated that counsel confirmed that the score was accurate. Later in the hearing, Boyer's counsel again acknowledged that Boyer had an offender score of nine. Boyer received a sentence of 29 months in custody.

ANALYSIS

Boyer challenges his offender score for the first time on appeal. Specifically, he argues that two offenses committed on March 21, 2007, were the same criminal conduct and he should have received only one criminal history point for these offenses, not two. We review the sentencing court's determination that multiple offenses were not the same criminal conduct for abuse of discretion or misapplication of the law. *State v. Maxfield*, 125 Wn.2d 378, 402, 886 P.2d 123 (1994).

The general rule is that a defendant may challenge his offender score for the first time on appeal. *State v. Mendoza*, 165 Wn.2d 913, 919-20, 205 P.3d 113 (2009). A defendant, however, waives his right to appeal a miscalculated offender score "where the alleged error involves an agreement to facts, later disputed, or where the alleged error involves a matter of trial court discretion." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 874, 50 P.3d 618 (2002); *see also State v. Hickman*, 116 Wn. App. 902, 907-08, 68 P.3d 1156 (2003) (citing *Goodwin*, 146 Wn.2d at 875); *State v. Nitsch*, 100 Wn. App. 512, 518-20, 997 P.2d 1000 (2000); *see generally In re Pers. Restraint of Shale*, 160 Wn.2d 489, 495, 158 P.3d 588 (2007).

Determining whether previous crimes constituted the same criminal conduct requires both factual determinations and the exercise of trial court discretion. *Goodwin*, 146 Wn.2d at 875.

Thus, because Boyer agreed to an offender score calculated on the basis of the two March 21, 2007 offenses involving separate and distinct criminal conduct, he waived his right to appeal this issue. Consequently, we decline to review Boyer's offender score.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, J.

We concur:

JOHANSON, C.J.

SUTTON, J.