# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 55427-5-II |
| JAMES AARON WENNER, | UNPUBLISHED OPINION |
| Petitioner. | |

MAXA, J. – In this personal restraint petition (PRP), James Wenner seeks relief from personal restraint imposed following his guilty plea for bail jumping. Wenner claims that two prior California convictions that were not comparable to Washington offenses were improperly included in the offender score referenced in his guilty plea and used for sentencing. He now seeks to be resentenced.

We hold that Wenner waived his comparability challenge when he stipulated that his prior California convictions were comparable to Washington offenses. Accordingly, we deny Wenner's PRP.

## FACTS

In August 2019, the State charged Wenner with the crime of bail jumping for failing to appear in court for sentencing after pleading guilty to three offenses. The State subsequently filed a statement of Wenner's criminal history, which included four convictions in Washington for various crimes and two assault convictions in California.

Wenner pled guilty to bail jumping and stipulated in his guilty plea that his standard range sentence was based on an offender score of 6 due to his criminal history and the crime charged and that his "[c]riminal history includes prior convictions . . . whether in this state, in federal court, or elsewhere." Br. of Resp't, App. 4 at 38. Wenner also stipulated that he agreed that the prosecutor's statement of criminal history was correct and complete.

The standard range sentence for bail jumping with an offender score of 6 was 22 to 29 months. At sentencing, the trial court imposed a sentence of 24 months.

In September 2020, Wenner filed in the trial court a motion for relief from judgment and sentence under CrR 7.8 in the trial court. He argued that he was entitled to be resentenced based on a correct offender score that excluded his California convictions because his prior California convictions were not legally comparable and that no factual comparability analysis had been performed on the record.

The trial court found that Wenner's motion was not time barred because it was filed within a year after his judgment became final, but determined that he failed to make a substantial showing that he was entitled to relief and that resolution of the motion did not require a factual hearing. Accordingly, under CrR 7.8(c)(2) the trial court transferred the motion to this court to be considered as a PRP.

ANALYSIS

Wenner argues that he is entitled to be resentenced because his sentence was based on an incorrect offender score that included his two prior California assault convictions. We hold that Wenner waived his comparability challenge when he stipulated in his plea agreement that his prior California convictions were comparable to Washington offenses.

A defendant cannot agree to punishment in excess of that established by the legislature. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873-74, 50 P.3d 618 (2002). A sentence is excessive if it is based on a miscalculated offender score. *Id.* at 873. Therefore, a defendant's stipulation to a miscalculated offender score generally does not waive a challenge to the miscalculated score. *Id.* at 874.

However, the court in *Goodwin* recognized a limitation to this general rule. *Id.* The court stated that "[w]hile waiver does not apply where the alleged sentencing error is a *legal error* leading to an excessive sentence, waiver can be found where the alleged error involves an agreement to facts, later disputed, or where the alleged error involves a matter of trial court discretion." *Id.*

The question here is whether Wenner could stipulate to comparability of out-of-state convictions. To determine whether an out-of-state offense is comparable to a Washington offense, we first determine if the offenses are legally comparable by comparing their elements. *In re Pers. Restraint of Canha*, 189 Wn.2d 359, 367, 402 P.3d 266 (2017). Second, if the offenses are not legally comparable, we determine whether the offenses are factually comparable by deciding if "the defendant's conduct would have violated a Washington statute." *Id.* In assessing factual comparability, we can consider only those facts in the out-of-state proceeding that were proven to a trier of fact beyond a reasonable doubt or to which the defendant admitted or stipulated. *Id.*

In *State v. Hickman*, this court considered how the waiver doctrine described in *Goodwin* would apply to a defendant's stipulation that an out-of-state conviction was comparable to a Washington offense. 116 Wn. App. 902, 905-08, 68 P.3d 1156 (2003). The court noted that the factual comparability analysis involves a factual dispute: "[B]efore the sentencing court can rule

for the defendant and find that the statutes are not comparable, it must first make a factual determination." *Id.* at 907. As a result, the court concluded, "Because the doctrine of waiver applies where the alleged error involves a factual dispute, a defendant who stipulates that his out-of-state conviction is equivalent to a Washington offense has waived a later challenge to the use of that conviction in calculating his offender score." *Id.*

*Hickman* controls here. The record shows that Wenner stipulated in his plea agreement that his two California convictions would be included in his offender score. Because out-of-state convictions may be included if they are *factually* comparable to a Washington conviction, Wenner waived his comparability challenge on factual grounds when he pled guilty. *See Hickman*, 116 Wn. App. at 907.

Accordingly, we hold that Wenner waived his challenge to his sentence.

CONCLUSION

We deny Wenner's PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

GLASGOW, C.J.

VELJACIC, J.