## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 55424-1-II |
| JAMES AARON WENNER, | UNPUBLISHED OPINION |
| Petitioner. | |

MAXA, J. – In this personal restraint petition (PRP), James Wenner seeks relief from personal restraint imposed following his guilty plea for intimidating a witness, third degree assault, and unlawful imprisonment with domestic violence aggravating factors. He agreed to plead guilty to these charges to avoid being convicted of a third strike offense that would have resulted in a sentence of life without parole under the Persistent Offender Accountability Act (POAA), chapter 9.94A RCW. He now seeks to withdraw his guilty plea or, in the alternative, to obtain resentencing.

Wenner claims that two prior California convictions that were not comparable to Washington offenses were improperly included in the offender score referenced in his guilty plea and used for sentencing. Therefore, he argues that defense counsel was ineffective for failing to properly advise him regarding comparability, and the trial court erred in imposing an exceptional sentence based on the incorrect offender score.

We hold that (1) Wenner cannot establish ineffective assistance of counsel because he has not presented evidence showing that defense counsel provided improper advice or that he

would not have pleaded guilty if he had received proper advice, and (2) Wenner waived his challenge to his sentence when he stipulated that his prior California convictions were comparable to Washington offenses.  Accordingly, we deny Wenner's PRP.

FACTS

*Background*

In October 2015, the State charged Wenner with first degree kidnapping with domestic violence and deadly weapon enhancements, second degree assault with a domestic violence enhancement, and felony harassment with domestic violence and deadly weapon enhancements. These charges arose out of an altercation between Wenner and his wife.  All three charges qualified as strike offenses under the POAA.

Wenner's criminal history included a prior strike offense in Washington for second degree assault and two prior convictions in California.  In 2003, Wenner pled guilty in California to assault with a deadly weapon and stated in his guilty plea statement that he "willfully and unlawfully committed an assault by means of force likely to produce great bodily injury."  Br. of Resp't, App. 12 at 95.  In 2012, Wenner again pled guilty in California to assault with a deadly weapon and stated in his guilty plea statement that he "willfully and unlawfully committed an assault on [another person] with a deadly weapon to wit a beer bottle."  Br. of Resp't, App. 10 at 84.

*Guilty Plea and Sentencing*

In 2016, Wenner entered into a plea agreement with the State.  In exchange for a guilty plea, the State filed an amended information that charged Wenner with three nonstrike offenses:

intimidating a witness, third degree assault, and unlawful imprisonment with domestic violence aggravating factors.

The prosecutor's statement of Wenner's criminal history included the two prior convictions in California. Wenner signed a stipulation to his criminal history and offender score, agreeing that the prosecutor's statement of his criminal history was correct and that his "[c]riminal history includes prior convictions . . . whether in this state, in federal court, or elsewhere." Br. of Resp't, App. 3 at 40. Wenner also stated in his own handwriting in the plea agreement that he "engage[d] in behavior which would have resulted in a '3rd strike' offense by grabbing [his] wife's neck and affecting her ability to breath[e] [(second degree assault)]" and that he "want[ed] to take advantage of the State's offer to reduce the charges and plead guilty." Br. of Resp't, App. 3 at 48.

The plea agreement provided that the standard range sentences were 57 to 75 months for intimidating a witness, 22 to 29 months for third degree assault, and 22 to 29 months for unlawful imprisonment. Wenner and the State jointly recommended an exceptional sentence of 60 months for intimidating a witness, 60 months for third degree assault, and 60 months for unlawful imprisonment, to run consecutively.

Wenner remained out-of-custody and the trial court set sentencing for November 2016. However, Wenner failed to appear for sentencing. Wenner was apprehended three years later.

In September 2019, the trial court imposed the jointly recommended exceptional sentence of 180 months. The court found that there were substantial and compelling reasons to justify an exceptional sentence for third degree assault and unlawful imprisonment based on the parties' stipulation and concluded that the stipulation was appropriate.

No. 55424-1-II

*CrR 7.8 Motion*

In September 2020, Wenner filed in the trial court a motion for relief from judgment and sentence under CrR 7.8 and withdrawal of his guilty plea under CrR 4.2. He argued that defense counsel was ineffective for not properly advising him regarding the comparability of his prior California convictions and that he would not have pled guilty to an exceptional sentence if he was not facing a certain life sentence under the POAA. Specifically, Wenner asserted that the prior California convictions were not legally comparable and that no factual comparability analysis was performed on the record. Wenner argued in the alternative that he was entitled to be resentenced based on a correct offender score that excluded his California convictions.

However, Wenner did not submit a declaration or any other evidence that disclosed what defense counsel had advised him regarding the comparability of the California convictions. He also did not submit a declaration stating under oath that he would not have pleaded guilty if properly advised regarding comparability.

The trial court found that Wenner's motion was not time barred because it was filed within a year after his judgment became final, but determined that he failed to make a substantial showing that he was entitled to relief and that resolution of Wenner's motion did not require a factual hearing. Accordingly, under CrR 7.8(c)(2) the court transferred the motion to this court to be considered as a PRP.

ANALYSIS

A.    PRP PRINCIPLES

We will grant appropriate relief when petitioners establish that they are under restraint that is unlawful for one of certain specified reasons. RAP 16.4(a)-(c). To prevail in a PRP, a

4

petitioner must establish by a preponderance of the evidence (1) a constitutional error that resulted in actual and substantial prejudice or (2) a fundamental defect of a nonconstitutional nature that inherently resulted in a complete miscarriage of justice. *In re Pers. Restraint of Meredith*, 191 Wn.2d 300, 306, 422 P.3d 458 (2018). Establishing "actual and substantial prejudice" means more than merely showing the possibility of prejudice; the petitioner must establish that if the alleged error had not occurred, the outcome more likely than not would have been different. *In re Pers. Restraint of Meippen*, 193 Wn.2d 310, 315-16, 440 P.3d 978 (2019).

RAP 16.7(a)(2) requires a petitioner to specifically identify the evidence available to support the factual allegations in the PRP. *In re Pers. Restraint of Wolf*, 196 Wn. App. 496, 503, 384 P.3d 591 (2016). The petitioner must show that he has competent, admissible evidence to establish facts that would entitle him to relief. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 18, 296 P.3d 872 (2013). Conclusory allegations are insufficient. *Wolf*, 196 Wn. App. at 503. In addition, the factual allegations must be based on more than speculation and conjecture. *Yates*, 177 Wn.2d at 18.

B.      INEFFECTIVE ASSISTANCE OF COUNSEL

Wenner contends that he should be entitled to withdraw his guilty plea because he received ineffective assistance of counsel during the plea bargaining process. He argues that defense counsel failed to adequately advise him that his two prior California convictions were not comparable to Washington strike offenses, which ultimately caused him to plead guilty. We conclude that Wenner has not presented sufficient evidence to show that defense counsel was ineffective.

1. Legal Principles

Under CrR 4.2(f), the trial court can allow a defendant to withdraw a guilty plea when "the withdrawal is necessary to correct a manifest injustice." Relevant here, withdrawal may be necessary to correct a manifest injustice if the defendant establishes that he received ineffective assistance of counsel. *State v. Quy Dinh Nguyen*, 179 Wn. App. 271, 282, 319 P.3d 53 (2013).

Ineffective assistance of counsel is a constitutional error, arising from the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution. *See State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). The right to effective assistance of counsel encompasses the plea bargaining process. *Id.* at 463. A defendant who claims that he received ineffective assistance of counsel must show both that (1) defense counsel's representation was deficient, and (2) the deficient representation prejudiced the defendant. *Id.* at 457-58.

Representation is deficient if after considering all the circumstances, the performance falls below an objective standard of reasonableness. *Id.* at 458. A petitioner alleging ineffective assistance of counsel must overcome a strong presumption that counsel's performance was reasonable. *Id.* Prejudice exists if there is a reasonable probability that except for counsel's errors, the result of the proceeding would have differed. *Id.* As applied to a guilty plea, a defendant must show that there is a reasonable probability that, but for the deficiency, he would not have pleaded guilty and would have insisted on going to trial. *In re Pers. Restraint of Elmore*, 162 Wn.2d 236, 254, 172 P.3d 335 (2007).

The "reasonable probability" standard for prejudice in an ineffective assistance of counsel claim is not precisely the same as the "actual and substantial prejudice" standard in a

PRP. *See In re Pers. Restraint of Crace*, 174 Wn.2d 835, 842, 280 P.3d 1102 (2012). However, a petitioner who presents a successful ineffective assistance of counsel claim necessarily establishes actual and substantial prejudice for purposes of collateral relief. *Id.* at 846-47.

Regarding comparability, we apply a two-part test to determine whether an out-of-state offense is comparable to a Washington offense. *In re Pers. Restraint of Canha*, 189 Wn.2d 359, 367, 402 P.3d 266 (2017). First, we determine if the offenses are legally comparable by comparing their elements. *Id.* Legal comparability exists when the out-of-state offense is the same or narrower than the Washington offense. *State v. Olsen*, 180 Wn.2d 468, 472-73, 325 P.3d 187 (2014). Second, if the offenses are not legally comparable, we determine whether the offenses are factually comparable by deciding if "the defendant's conduct would have violated a Washington statute." *Canha*, 189 Wn.2d at 367. In assessing factual comparability, we can consider only those facts in the out-of-state proceeding that were proven to a trier of fact beyond a reasonable doubt or to which the defendant admitted or stipulated. *Id.*

2.   Deficient Performance

We cannot fully evaluate whether defense counsel's performance was deficient because Wenner did not present any evidence regarding what advice counsel provided regarding comparability of the California convictions. Defense counsel may have told Wenner that the convictions would be found to be comparable to Washington offenses. Or defense counsel may have advised that he believed that the California convictions were not comparable, but that there was risk that a court would rule otherwise.

Here, the latter advice would not have been improper. Although it appears that the California convictions are not legally comparable to the Washington offense of second degree

assault, factual comparability is debatable. In other words, defense counsel could have properly advised Wenner that he would have risked the trial court finding comparability because an out-of-state conviction may be included if they are legally *or factually* comparable to a Washington offense. *See Canha*, 189 Wn.2d at 367.

Under Washington law, specific intent to cause apprehension of or actual bodily harm is an essential element of second degree assault. *State v. Abuan*, 161 Wn. App. 135, 154-55, 257 P.3d 1 (2011). But in California, assault with a deadly weapon is a general intent crime. *People v. Perez*, 4 Cal. 5th 1055, 1066, 416 P.3d 42, 232 Cal. Rptr. 3d 51 (2018). As a general intent crime, "assault only requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another." *People v. Williams*, 26 Cal. 4th 779, 790, 29 P.3d 197, 111 Cal. Rptr. 2d 114 (2001). Therefore, Wenner's California assault convictions were not legally comparable to second degree assault in Washington.

Factual comparability is less clear. Wenner stipulated in both of his guilty pleas that he "*willfully* and unlawfully committed *an assault*" consistent with Cal. Penal Code § 245(a)(1). Br. of Resp't, App. 10 at 84; App. 12 at 95 (emphasis added). California defines "assault" as "[a]n unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal. Penal Code § 240. The definition of "willfully" means "a purpose or willingness to commit the act." Cal. Penal Code § 7(1). Therefore, Wenner stipulated that he purposely attempted to commit a violent injury on another.

Whether this stipulation was sufficient to satisfy Washington's specific intent requirement is subject to debate. The term "willfully" does not necessarily encompass specific

intent, and it could be argued that there is no factual comparability here. On the other hand, Wenner stipulated that he willfully committed an *assault*, not just that he willfully inflicted bodily harm. It could be argued that willfully committing an assault is sufficient to establish factual comparability.

We presume that defense counsel's performance was reasonable. *Estes*, 188 Wn.2d at 458. In the absence of contrary evidence, we therefore assume that defense counsel advised Wenner that there was a possibility that a court would rule that the California convictions were factually comparable to second degree assault in Washington. Because factual comparability is debatable, this advice was not improper. Accordingly, we conclude that Wenner has not shown that he received ineffective assistance of counsel.

## C.     WAIVER OF COMPARABILITY CHALLENGE

Wenner argues in the alternative that he is entitled to be resentenced because his sentence was based on an incorrect offender score that included his California convictions. We hold that Wenner waived his comparability challenge when he stipulated in his plea agreement that his prior California convictions were comparable to Washington strike offenses.

### 1.    Legal Principles

A defendant cannot agree to punishment in excess of that established by the legislature. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873-74, 50 P.3d 618 (2002). A sentence is excessive if it is based on a miscalculated offender score. *Id.* at 873. Therefore, a defendant's stipulation to a miscalculated offender score generally does not waive a challenge to the miscalculated score. *Id.* at 874.

9

However, the court in *Goodwin* recognized a limitation to this general rule. *Id.* The court stated that "[w]hile waiver does not apply where the alleged sentencing error is a *legal error* leading to an excessive sentence, waiver can be found where the alleged error involves an agreement to facts, later disputed, or where the alleged error involves a matter of trial court discretion." *Id.*

2.     Analysis

In *State v. Hickman*, this court considered how the waiver doctrine described in *Goodwin* would apply to a defendant's stipulation that an out-of-state conviction was comparable to a Washington offense. 116 Wn. App. 902, 905-08, 68 P.3d 1156 (2003). The court noted that the factual comparability analysis involves a factual dispute: "[B]efore the sentencing court can rule for the defendant and find that the statutes are not comparable, it must first make a factual determination." *Id.* at 907. As a result, the court concluded, "Because the doctrine of waiver applies where the alleged error involves a factual dispute, a defendant who stipulates that his out-of-state conviction is equivalent to a Washington offense has waived a later challenge to the use of that conviction in calculating his offender score." *Id.*

*Hickman* controls here. The record shows that Wenner stipulated in his plea agreement that his two California convictions for assault were equivalent to Washington felonies. Wenner also handwrote in his plea agreement that he engaged "in behavior which would have resulted in a '3rd strike' offense," acknowledging that his California convictions were equivalent to strike offenses in Washington. Br. of Resp't, App. 3 at 48. Because out-of-state convictions may be included if they are *factually* comparable to a Washington conviction, Wenner waived his

10

No. 55424-1-II

comparability challenge on factual grounds when he pled guilty. *See Hickman*, 116 Wn. App. at 907.

Accordingly, we hold that Wenner waived his challenge to his sentence.

CONCLUSION

We deny Wenner's PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
GLASGOW, C.J.

_____
VELJACIC, J.

11