# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58576-6-II |
| Respondent, | |
| v. | |
| CHRISTOPHER ALLAN ALLRED, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Christopher A. Allred appeals the superior court's order denying his motion to vacate his 2016 convictions for second degree rape—domestic violence (DV), two counts of first degree incest—DV, and second degree incest—DV.

We hold that the superior court failed to comply with the requirements of CrR 7.8(c) and should have transferred Allred's motion to this court for consideration as a personal restraint petition (PRP). However, rather than remand this matter back for these requirements to be followed, we convert Allred's appeal to a PRP and dismiss Allred's petition as time barred.[1]

---

[1] Because Allred's PRP is time barred we do not address any of the claims Allred raised in the statement of additional grounds he filed in this appeal under RAP 10.10.

No. 58576-6-II

FACTS

In 2016, Allred was convicted of second degree rape—DV, two counts of first degree incest—DV, and second degree incest—DV. Allred appealed and this court affirmed. *State v. Allred*, No. 49375-6-II, slip op. at 1, 5, 21 (Wash. Ct. App. July 10, 2018).[2] Allred's appeal was mandated on November 21, 2018. Mandate, *State v. Allred*, No. 49375-6-II (Nov. 21, 2018).

On July 17, 2023, Allred filed a motion with the superior court entitled "CR 60(b)(5) Motion to Vacate a Void Judgment." Clerk's Papers at 107. Allred's motion claimed that his judgment was void because there was no probable cause determination made at his preliminary hearing. The superior court heard Allred's motion but denied it, explaining that a probable cause determination had been made when the judge signed the summons requiring Allred to appear in court. Allred filed a motion for reconsideration, which was denied.

Allred appeals.

ANALYSIS

I. FAILURE TO COMPLY WITH CRR 7.8

The State argues that the superior court failed to comply with the requirements of CrR 7.8 when it retained and decided Allred's motion to vacate his convictions. We agree.

A motion to vacate a criminal judgment and sentence is a collateral attack. RCW 10.73.090(2) (" '[C]ollateral attack' means any form of postconviction relief other than a direct appeal."). A collateral attack filed in the superior court is governed by CrR 7.8 and must comply with the procedural requirements of CrR 7.8(c). *State v. Molnar*, 198 Wn.2d 500, 508-09, 497 P.3d 858 (2021). CrR 7.8(c)(2) provides:

---

[2] https://www.courts.wa.gov/opinions/pdf/D2%2049375-6-II%20Unpublished%20Opinion.pdf.

2

> The court shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing.

We review the superior court's decision on a CrR 7.8 motion for an abuse of discretion. *State v. Enriquez-Martinez*, 198 Wn.2d 98, 101, 492 P.3d 162 (2021). "Discretion may be abused if it is exercised on untenable grounds or for untenable reasons, such as a misunderstanding of the law." *Id.*

When the superior court improperly retains a CrR 7.8 motion, we have the authority to convert the motion to a PRP in the interest of judicial economy. *See State v. Smith*, 144 Wn. App. 860, 863-64, 184 P.3d 666 (2008). However, we must balance judicial economy against the procedural consequences of converting the PRP, specifically that other petitions may be barred under the successive petition rule. *See id.* at 864.

Here, the superior court did not make any of the findings CrR 7.8(c)(2) requires to retain and decide a CrR 7.8 motion. Because the superior court misunderstood or misapplied the law regarding collateral attacks, the superior court abused its discretion in retaining and deciding Allred's motion to vacate his judgment and sentence. Generally, the remedy would be to reverse the superior court's order and remand to the superior court to comply with the requirements of CrR 7.8 (either transferring the motion to this court for consideration as a PRP or making the appropriate findings supporting retaining and deciding the motion).

However, in this case the interest of judicial economy supports converting Allred's motion to a PRP. Allred's convictions were final in 2018 and, for the reasons explained below, Allred's motion is obviously time barred, so remanding to allow Allred to argue about timeliness would be

futile. And remanding to the superior court simply to have the superior court send it back is not in the interest of judicial economy. Further, there are no procedural concerns in converting Allred's motion to a PRP because Allred has already filed multiple PRPs.[3] Therefore, converting this motion to a PRP will not further implicate the successive petition rule. Accordingly, we convert Allred's motion to vacate his conviction into a PRP.

II. TIMELINESS

Considered as a PRP, the State argues that Allred's petition should be dismissed as untimely. We agree.

RCW 10.73.090(1) requires that a petition be filed within one year of the date that the petitioner's judgment and sentence becomes final. Allred's judgment and sentence became final, in November 2018, when Allred's direct appeal was mandated. RCW 10.73.090(3)(b). Allred did not file this petition until 2023, well over one year later. Thus, Allred's petition is time barred unless he shows that his judgment and sentence is facially invalid or was not rendered by a court of competent jurisdiction. RCW 10.73.090(1). Or Allred must show that his petition is based solely on one of the enumerated exceptions to the time bar in RCW 10.73.100.[4]

---

[3] *In re Pers. Restraint of Allred*, No. 54054-1-II (unpublished) (Wash. Ct. App. June 23, 2020) available at https://www.courts.wa.gov/opinions/pdf/D2%2054054-1-II%20Unpublished%20Opinion.pdf; Order Dismissing Petition, *In re Pers. Restraint of Allred*, No. 56489-1-II (Mar. 14, 2022).

[4] RCW 10.73.100 provides,

> The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:
>      (1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;

Allred's petition is based on a claim that there was no probable cause determination made at his preliminary appearance. Whether a probable cause determination was made at Allred's preliminary appearance does not affect the facial validity of the judgment and sentence. *See In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866, 50 P.3d 618 (2002) (A judgment and sentence is facially invalid if it "evidences the invalidity without further elaboration."). And the alleged failure to make a probable cause determination does not implicate any of the enumerated exceptions to the time bar in RCW 10.73.100. Because Allred has failed to show that his judgment and sentence is facially invalid or that one of the enumerated exceptions to the time bar apply, his petition is time barred by RCW 10.73.090. Accordingly, we dismiss Allred's petition as time barred.

CONCLUSION

The superior court erred by retaining Allred's motion to vacate his judgment and sentence without complying with the procedural requirements of CrR 7.8(c). However, in the interests of

---

(2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;

(3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;

(4) The defendant pleaded not guilty and the evidence introduced at trial was insufficient to support the conviction;

(5) The sentence imposed was in excess of the court's jurisdiction;

(6) A motion for a modification of conditions of community custody pursuant to RCW 9.94A.703 and 9.94A.709; or

(7) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

No. 58576-6-II

judicial economy we convert Allred's motion to a PRP. Because Allred's PRP is time barred, we dismiss.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

MAXA, P.J.

GLASGOW, J.